O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| AMIT RAIZADA; AND ALI RASHID<br><br>Plaintiff,<br><br>v.<br><br>BRANDON BLUM; DANIEL SHKOLNIK; AND SBMI GROUP, LLC<br><br>Defendants. | Case No. 2:18-cv-10060-ODW (MAA)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND [10]; DENYING AS MOOT DEFENDANTS' MOTION TO TRANSFER [11]** |

## I. INTRODUCTION

Presently before the Court are Plaintiffs' Motion to Remand (ECF No. 10) and Defendants' Motion to Transfer, Stay, or Dismiss ("Motion to Transfer") (ECF No. 11). For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES AS MOOT** Defendants' Motion to Transfer.[1]

---

[1] After considering the papers filed in connection with this Motion, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II.  PROCEDURAL HISTORY

On November 9, 2018, Plaintiffs Amit Raizada and Mohammed Ali Rashid filed a complaint in Los Angeles Superior Court. (Compl., ECF No. 1-1.)  On December 1, 2018, Defendants Brandon Blum, Daniel Shkolnik, and SBMI Group, LLC, all domiciled in California, filed a Notice of Removal, removing the case to this Court. (Notice of Removal, ECF No. 1.)  On December 26, 2018, Plaintiffs filed a Motion to Remand, and Defendants filed a Motion to Transfer. (ECF Nos. 10, 11.)

Although not relevant for the purposes of this Order, the Court is aware that there is a pending case involving nearly identical parties in the Southern District of California. *See* Complaint, *Blum et al. v. Raizada et al.*, 3:18-cv-02513-DMS-BLM (S.D. Cal. Nov. 1, 2018).

## III.  FACTUAL BACKGROUND

Plaintiffs filed suit against Defendants for various claims related to a failed joint venture between the parties involving the cannabis industry. (Compl. ¶¶ 1, 44.) Plaintiffs claimed that they infused more than $1,000,000 into the business in exchange for 45% ownership. (Compl. ¶¶ 31, 32.)  Despite Plaintiffs' hope for a high rate of return based on the profits, Plaintiffs alleged that Defendants bogarted the profits by excluding Plaintiffs from the business and depriving Plaintiffs of their interest. (Compl. ¶¶ 32, 44.)

## IV.  LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have original jurisdiction over the action, either on the basis of a federal question or diversity of the parties.  28 U.S.C. § 1441.  However, it is "presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Courts strictly construe the removal statute against removal jurisdiction and there is a

"strong presumption against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper," and that a court resolves all ambiguity in favor of remand to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) (internal quotation marks omitted). A plaintiff objecting to removal may move for remand due to lack of subject matter jurisdiction or another defect, such as the timeliness of removal. *See* 28 U.S.C. § 1447(c).

## V. DISCUSSION

### A. The Forum Defendant Rule

The forum defendant rule prohibits a matter from being removed on the basis of diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Mkt., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (stating that the forum defendant rule "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state").

The purpose of the forum defendant rule is to prevent "a local defendant from removing on the basis of diversity jurisdiction," and "allows the plaintiff to regain some control over forum selection by requesting that the case be remanded to state court" on the ground that the defendant is a resident of the forum. *Lively*, 456 F.3d at 940.

A plaintiff may waive the right to remand based on the forum defendant rule by affirmatively consenting to removal or failing to file a timely motion to remand. 28 U.S.C. § 1447(c); *Owens v. Gen. Dynamics Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988). Motions for remand based on procedural defects must be filed within thirty days of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

Applying these principles, the Court finds that the forum defendant rule applies. Plaintiffs filed a timely motion to remand within thirty (30) days of removal.

Defendants filed the Notice of Removal on December 1, 2018, and Plaintiffs filed their Motion to Remand on December 26, 2018. (Notice of Removal; Mot. to Remand.) As alleged, Defendants are all domiciled in California. (Compl. ¶¶ 7–8.) Defendants do not dispute this. (*See generally* Opp'n to Mot. to Remand, ECF No. 15.) Although Defendants argue that the forum defendant rule is waivable, Defendants offer nothing to show that Plaintiffs affirmatively consented to removal. To the contrary, Plaintiffs' filing of a Motion to Remand and Plaintiffs' Reply makes it clear that Plaintiffs do not consent to removal. Defendants offer no compelling reason why the forum defendant rule should not be applied.

Although there is a pending case involving similar parties and issues in the Southern District of California, this case is not properly before the Court as removal is improper, and accordingly, the Court declines to reach the merits of Plaintiffs' Motion to Transfer.[2]

---

[2] The Court also declines to award Plaintiffs' request for attorneys' fees and costs as Defendants appear to have a reasonable basis for attempting to remove the action and transfer the action to a court where an action is already pending and where Defendants are the plaintiffs in the related action. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal.").

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES AS MOOT** Plaintiffs' Motion to Transfer. It is hereby ordered that this action is **REMANDED** to the Superior Court of California, County of Los Angeles, Case No. 18SMCV00215 located at 1725 Main Street, Santa Monica, CA 90401. The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

May 14, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**